UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

LAURA D. Di PIAZZA,
     PLAINTIFF

v.                                    Civil Case No.  1:24-cv-00163-SE

TRUSTEES OF DARTMOUTH COLLEGE,
     DEFENDANT

## DEFENDANT'S ANSWER TO COMPLAINT
## AND REQUEST FOR JURY TRIAL

NOW COMES Defendant TRUSTEES OF DARTMOUTH COLLEGE ("Dartmouth" or "Defendant"), by its attorneys, JACKSON LEWIS P.C., and answers Plaintiff's Complaint as follows:

**I.**     **Parties**

1.     Defendant admits Plaintiff is a former employee of Defendant but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2.     Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**II.**     **Jurisdiction and Venue**

3.     Defendant admits the allegation contained in Paragraph 3 of the Complaint that it is a resident of New Hampshire.  The remaining allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 3 of the Complaint and generally denies the validity of Plaintiff's claims.

4.      The allegations contained in Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 4 of the Complaint and further denies that it engaged in any unlawful acts or omissions.

**III.    <u>Facts</u>**

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits the allegation contained in the first sentence of Paragraph 6 of the Complaint.  Defendant is without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 6 concerning Plaintiff's job duties as an Administrative Assistant in the Leadership Giving office, and therefore denies the same. Defendant admits the allegation contained in the third sentence of Paragraph 6 of the Complaint that Plaintiff did not request any accommodations in the Administrative Assistant position. Defendant is without sufficient information to admit or deny the allegations contained in the fourth sentence of Paragraph 6, and therefore denies the same.

7.      Defendant admits the allegation contained in Paragraph 7 of the Complaint that Plaintiff was employed as an Advancement Associate for the Thayer School of Engineering from January 21, 2019 through October 18, 2019.  Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 7 concerning Plaintiff's job duties in that position, and therefore denies the same.

8.      Defendant admits the allegation contained in the first sentence of Paragraph 8 of the Complaint that Plaintiff did not request any accommodations in the Advancement Associate position. Defendant is without sufficient information to admit or deny the allegation contained in the second sentence of Paragraph 8 of the Complaint, and therefore denies the same.

2

9.      Defendant denies the allegation contained in the first sentence of Paragraph 9 of the Complaint.

10.     To the extent the allegations contained in Paragraph 10 of the Complaint concerning alleged "disabling impairments" are legal conclusions, no response is required.  If a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11.     Defendant admits the allegation contained in the first sentence of Paragraph 11 of the Complaint concerning the meeting between Plaintiff and Ms. Sullivan.  Defendant is without sufficient information to admit or deny the allegation contained in the first sentence of Paragraph 11 of the Complaint that the impairments were "disabling," and therefore denies the same. Defendant admits the allegation contained in the second sentence of Paragraph 11 of the Complaint.  Defendant denies the allegation contained in the third sentence of Paragraph 11 of the Complaint.

12.     Defendant admits the allegation contained in Paragraph 12 of the Complaint that Ms. Sullivan and Plaintiff discussed potential strategies at the meeting, which included the possibility of getting directions in writing.

13.     Defendant denies the allegation contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegation contained in Paragraph 14 of the Complaint that Plaintiff and Mr. Harwell had a meeting, but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15.     Defendant admits the allegation contained in Paragraph 15 of the Complaint that Plaintiff received a letter from Mr. Harwell on September 26, 2022, and that the letter speaks for

itself.  Defendant denies the remaining allegations in Paragraph 15 of the Complaint to the extent they are inconsistent with the written letter.

16.     Defendant admits the allegation contained in Paragraph 16 of the Complaint that Mr. Harwell sent an email to Plaintiff and Dr. Delalue on September 26, 2022, and that the e-mail speaks for itself.  Defendant denies the remaining allegations in Paragraph 16 of the Complaint to the extent they are inconsistent with the e-mail dated September 16, 2022.

17.     Defendant denies the allegation contained in the first sentence of Paragraph 17 of the Complaint to the extent it is inconsistent with the letter dated September 26, 2022, which speaks for itself. Defendant admits the allegation in the second sentence of Paragraph 17 of the Complaint that Mr. Harwell never had a conversation with both Dr. Delalue and Plaintiff together, but denies the allegation to the extent Plaintiff is asserting that neither Dr. Delalue nor Mr. Harwell had a conversation with Plaintiff about her accommodations.  By way of further answer, Defendant states that when Mr. Harwell checked in with Plaintiff on October 17, 2022 to see how the accommodations were going, Plaintiff responded that they were "going well."

18.     Defendant denies the allegation contained in Paragraph 18 of the Complaint.  By way of further answer, Defendant states that the letter dated September 26, 2022, which speaks for itself, states:  "we should plan a three-month check-in meeting for January 2023 to discuss the effectiveness of these accommodations."

19.     Defendant denies the allegation contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegation contained in Paragraph 20 of the Complaint.  By way of further answer, Defendant states that Plaintiff reported to Mr. Harwell on October 17, 2022 that the accommodations were going well, and that:  "Getting a digital paper trail (emails/chats instead of calls) and printed feedback during check-in have been very helpful."

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.  By way of further answer, Defendant states that when Mr. Harwell checked in to see how accommodations were going on October 17, 2022, Plaintiff replied that she did not need the Otter.ai software at the time.

22.     Defendant admits the allegation contained in Paragraph 22 of the Complaint.  By way of further answer, Defendant states that Dr. Delalue discussed with Plaintiff the fact that she could not record meetings due to confidentiality issues but also informed Plaintiff that she was willing to look for solutions other than recordings to accommodate Plaintiff, including by providing written feedback and talking points for meetings when time permitted.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.  By way of further answer, Defendant states that on November 23, 2022, Michael Hoyt of HR learned that Plaintiff wanted the Ombuds to share with him that Plaintiff was concerned that she would be terminated prior to January 2023 and that she had a surgery scheduled for January; it was never disclosed to Mr. Hoyt (because it had never been alleged by Plaintiff to anyone at Dartmouth) that Dr. Delalue had refused to follow an accommodation plan.

24.     Defendant admits the allegation contained in the first sentence of Paragraph 24 of the Complaint.  Defendant denies the allegations contained in the second sentence of Paragraph 24 of the Complaint to the extent they are inconsistent with the Performance Improvement Plan ("PIP"), which speaks for itself.

25.     Defendant admits the allegation contained in Paragraph 25 of the Complaint that Dr. Delalue met with Plaintiff on November 29, 2022, but denies the remaining allegations contained in Paragraph 25.  By way of further answer, Defendant states that Dr. Delalue did not advise Plaintiff on November 29, 2022 (or any other time following receipt of the PIP) that

Plaintiff's performance was improving. Defendant further states that, following the PIP, Dr. Delalue had meetings with Plaintiff in addition to the one held on November 29, 2022.

26.     Defendant admits the allegations contained in Paragraph 26 of the Complaint.  By way of further answer, Defendant states that while Plaintiff's termination was effective on January 9, 2023, Plaintiff's health insurance continued through the month of January 2023.

27.     Defendant admits the allegation contained in Paragraph 27 of the Complaint that there was not a meeting held in January 2023 concerning Plaintiff's accommodation plan, but denies the remaining allegations contained in Paragraph 27 of the Complaint.  By way of further answer, Defendant states that it never "pledged" such a meeting to Plaintiff and that any such meeting would necessarily have been contingent on her being employed at the time.

28.     Defendant admits the allegations contained in Paragraph 28 of the Complaint that Plaintiff dually filed a Charge of Discrimination on March 24, 2023, but denies the allegations of disability discrimination and retaliation.  The allegation concerning whether the Charge was timely filed is a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant generally denies the validity of Plaintiff's claims.

29.     Defendant admits the allegations contained in Paragraph 29 of the Complaint.

## COUNT I

### (Violation of Americans with Disabilities Amendments Act (ADAAA))

30.     Defendant restates and incorporates by reference its responses to Paragraphs 1 through 29 as set forth above.

31.     To the extent the allegations contained in Paragraph 31 of the Complaint concerning alleged "disabling impairments" are legal conclusions, no response is required.  If a

response is required, Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 31 of the Complaint, and therefore denies the same.

31. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint is a request for damages to which no response is

required.  Defendant denies Plaintiff is entitled to any such damages.

35. Paragraph 35 of the Complaint is a request for damages to which no response is

required.  Defendant denies Plaintiff is entitled to any such punitive damages.  Defendant further

denies that it acted with malice or reckless disregard of Plaintiff's rights.

## COUNT II

### (Violation of RSA 354-A: Disability Discrimination)

36. Defendant restates and incorporates by reference its responses to Paragraphs 1

through 35 as set forth above.

37. To the extent the allegations contained in Paragraph 37 of the Complaint

concerning alleged "disabling impairments" are legal conclusions, no response is required.  If a

response is required, Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 37 of the Complaint, and therefore denies the same.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint is a request for damages to which no response is

required.  Defendant denies Plaintiff is entitled to any such damages.

41.     Paragraph 41 of the Complaint is a request for damages to which no response is required.  Defendant denies Plaintiff is entitled to any such enhanced compensatory damages.  Defendant further denies that it acted with willful or reckless disregard of Plaintiff's rights.

## COUNT III

### (Retaliation in Violation of the ADAAA)

42.     Defendant restates and incorporates by reference its responses to Paragraphs 1 through 41 as set forth above.

43.     To the extent the allegations contained in Paragraph 43 of the Complaint concerning protected activities under the ADAAA are legal conclusions, no response is required.  Defendant admits the allegation contained in Paragraph 43 of the Complaint that Plaintiff requested accommodations, but denies the remaining allegations contained in Paragraph 43 that Defendant failed to provide the requested accommodations and that Plaintiff "griev[ed] her supervisor's failure" to provide accommodations, as Plaintiff never advised anyone at Dartmouth that her supervisor had purportedly failed to provide accommodations.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint is a request for damages to which no response is required.  Defendant denies Plaintiff is entitled to any such damages.

46.     Paragraph 46 of the Complaint is a request for damages to which no response is required.  Defendant denies Plaintiff is entitled to any such punitive damages.  Defendant further denies that it acted with malice or reckless disregard of Plaintiff's rights.

## COUNT IV

### (Retaliation in Violation of RSA 354-A)

47.     Defendant restates and incorporates by reference its responses to Paragraphs 1 through 46 as set forth above.

48.     To the extent the allegations contained in Paragraph 48 of the Complaint concerning protected activities under the ADAAA are legal conclusions, no response is required. Defendant admits the allegation contained in Paragraph 48 of the Complaint that Plaintiff requested accommodations, but denies the remaining allegations contained in Paragraph 48 that Defendant failed to provide the requested accommodations and that Plaintiff "griev[ed] her supervisor's failure" to provide accommodations, as Plaintiff never advised anyone at Dartmouth that her supervisor had purportedly failed to provide accommodations.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint is a request for damages to which no response is required. Defendant denies Plaintiff is entitled to any such damages.

51.     Paragraph 51 of the Complaint is a request for damages to which no response is required. Defendant denies Plaintiff is entitled to any such enhanced compensatory damages. Defendant further denies that it acted with willful or reckless disregard of Plaintiff's rights.

**COUNT V**

**(Wrongful Discharge)**

52.     Defendant restates and incorporates by reference its responses to Paragraphs 1 through 51 as set forth above.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint is a request for damages to which no response is required. Defendant denies Plaintiff is entitled to any such damages.

56.     Paragraph 56 of the Complaint is a request for damages to which no response is required.  Defendant denies Plaintiff is entitled to any such enhanced compensatory damages. Defendant further denies that it acted with willful or reckless disregard of Plaintiff's rights.

## DEMAND FOR JURY TRIAL

Defendant requests a jury trial in this matter.

AND BY WAY OF FURTHER ANSWER, Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted as a matter of fact and/or law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a *prima facie* case of discrimination based on disability, or for retaliation.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies any and all claims of liability.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, guidelines, or common law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant's actions were not the proximate cause of any injury to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims to have suffered damages, such damages were caused by Plaintiff's own acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which their claims rest.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate any alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant has complied with all laws and regulations and has otherwise satisfied its statutory obligations toward the Plaintiff under RSA 354-A and the ADA.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not act with malice or with reckless indifference to any rights enjoyed by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, unclean hands, or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is barred in whole or part by the applicable statutory damage and/or penalty cap(s) and available remedies.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiff seeks damages for emotional distress, Plaintiff's claim is barred by the exclusivity provision of the Workers' Compensation law.

## <u>RESERVATION OF RIGHTS</u>

Defendant reserves the right to add such other additional affirmative defenses and/or counterclaims as may become evident through the discovery process and as the case progresses.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A.      Enter judgment in its favor;

B.      Dismiss Plaintiff's Complaint with prejudice;

C.      Award Defendant its attorneys' fees, costs and expenses; and

D.      Grant such further and other relief as the Court deems appropriate.


Respectfully Submitted,


DEFENDANT

TRUSTEES OF DARTMOUTH COLLEGE

By its attorneys,
JACKSON LEWIS P.C.,

Date:   August 6, 2024          /s/ *Kimberly M.R. Sullivan*
                                K. Joshua Scott, NHBA#17479
                                Kimberly M. R. Sullivan, NHBA #266861
                                100 International Drive, Suite 363
                                Portsmouth, NH 03801
                                603.559.2700
                                Kimberly.sullivan@jacksonlewis.com

Certificate of Service

I hereby certify that the foregoing was served via ECF on all parties of record.

Date:   August 6, 2024                    /s/ *Kimberly M.R. Sullivan*
                                          Kimberly M.R. Sullivan

4876-1101-9476, v. 2