UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LAURA D. Di PIAZZA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 1:24-cv-00163-SE |
| TRUSTEES OF DARTMOUTH COLLEGE, | ) |
| Defendant. | ) |

### JOINT PROPOSED DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** *Defendant's counsel and Plaintiff's counsel conferred via email between August 22, 2024 and August 28, 2024.*

**COUNSEL PRESENT/REPRESENTING**:

**For Plaintiff:** *Benjamin T. King, Esq., Douglas, Leonard & Garvey, P.C.*
**For Defendant:** *K. Joshua Scott, Esq. and Kimberly M.R. Sullivan, Esq., Jackson Lewis P.C.*

### CASE SUMMARY

**THEORY OF LIABILITY**: *The plaintiff claims disability discrimination and retaliation in violation of both the Americans With Disabilities Amendments Act and RSA 354-A, as well as wrongful discharge.*

**THEORY OF DEFENSE**: *Trustees of Dartmouth College ("Defendant" or "Dartmouth") generally denies any and all claims of liability. For a more detailed list of defenses, see Defendant's Answer.*

**DAMAGES**: *The plaintiff's damages include lost wages, lost employment benefits, lost earning capacity, compensatory and punitive damages, enhanced compensatory damages, and attorney's fees.*

*Defendant disputes that Plaintiff is entitled to any damages.*

**DEMAND**:  On or before mediation scheduled for October 29, 2024.

**OFFER**:  On or before mediation scheduled for October 29, 2024.

**JURISDICTIONAL QUESTIONS**: *The parties are not aware of any jurisdictional questions at this time, but reserve the right to brief and argue any jurisdictional questions that may arise.*

**QUESTIONS OF LAW:** *The parties are not aware of any questions of law at this time, but reserve the right to brief and argue any questions of law that may arise.*

**TYPE OF TRIAL:**  Jury

## SCHEDULE

**TRACK ASSIGNMENT:**  STANDARD—12 MONTHS

**TRIAL DATE:**  5-7 day trial beginning May 19, 2026.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

*If defendant(s) claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault by* **October 15, 2024.**

Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS:**

**Plaintiff:**  December 1, 2024          **Defendant:** January 1, 2025

**JOINDER OF ADDITIONAL PARTIES:**

**Plaintiff:**  February 1, 2025          **Defendant:**  March 1, 2025

**THIRD-PARTY ACTIONS:**  *None anticipated*

**MOTIONS TO DISMISS:**  March 1, 2025

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

**Plaintiff:** May 1, 2025          **Defendant:**  July 15, 2025

Case 1:24-cv-00163-SE   Document 7   Filed 08/30/24   Page 3 of 6

*Supplementations under Rule 26(e) are to be made seasonably pursuant to court rules.*

*Should there be any expert reports, the parties will use the form specified in Fed.R.Civ.P. 26(a)(2).*

**COMPLETION OF DISCOVERY:**

    **(1)**     **Date all discovery complete:**  October 1, 2025

    **(2)**     **Date for completion of discovery on issues for early discovery, if any.**  N/A

**MOTIONS FOR SUMMARY JUDGMENT:**  December 1, 2025

**CHALLENGES TO EXPERT TESTIMONY:**  February 1, 2026

## DISCOVERY

**DISCOVERY NEEDED:** *Both parties anticipate depositions, interrogatories, requests for production, and requests for admission on issues relating to liability and damages.*

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** *Parties will exchange Initial Disclosure on November 15, 2024, but not before October 29, 2024, which is the date of the scheduled mediation*

**INTERROGATORIES**: *A maximum of **25** interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.*

**REQUESTS FOR ADMISSION:** *A maximum of **25** requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.*

**DEPOSITIONS:** *A maximum of 10 depositions by Plaintiff and 10 by Defendant. Each is limited to a maximum of 7 hours unless extended by agreement of the parties. In the case of Rule 30(b)(6) depositions, in which a party may designate multiple individuals to address the topics identified in the notice, seven hours of deposition time shall "count" as one deposition.*

*The parties propose that either party may seek permission for additional depositions from the court if necessary and subject to Fed. R. Civ. P. 26(b)(1) and (2). The parties may agree to take depositions by video, depending on the particular deponent.*

**PROVISIONS REGARDING ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

3

(1) **Preservation:** *The parties acknowledge that they have a common law and federal rules-based obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. The parties shall agree to take the following steps to segregate and preserve ESI in order to avoid accusations of spoliation:*

> a. *The parties have already and/or will place their clients and clients' employees on notice of their duty to preserve documents relating to the parties' claims and defenses.*
>
> b. *The parties have already and/or will place their clients and clients' employees on notice of their duty to preserve all ESI that is relevant to the parties' claims and defenses in order to preserve all discoverable ESI in their possession, custody or control.*
>
> c. *All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.*

(2) **Location and Systems.** *Plaintiff's personal devices, including her cell phone(s) and computer(s), Defendant's email and document management system (if any), and Defendant's email server(s) (if any).*

(3) **Scope of Search, Proportionality and Costs.** *Each party shall promptly and reasonably search its reasonably accessible stored ESI for documents or information responsive to another party's document requests, subject to and without waiving or limiting the right to object based on privilege, work-product, proportionality, or any other valid objection under Fed. R. Civ. P. 26 or 34.*

> *In performing the searches, the searching party may make reasonable decisions to limit the searches in order to avoid needless redundancy and undue burden; provided, however, that the searching party shall keep track of the searches it conducts and shall identify the same to the requesting party at the time of production. In the alternative, the producing party may request the requesting party to provide reasonable search terms and parameters, and if an agreement is reached concerning search terms and parameters, only those search terms and parameters shall be required absent a showing of good cause for additional search terms or parameters.*

(4) **Format and Mode of Transmittal.** *ESI shall be produced in searchable PDF format, and native format where necessary to maintain the integrity of the data as kept in the usual course of business.*

(5) **Phasing.** *The parties do not believe that conducting ESI in phases will be necessary.*

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

> *The parties propose that the production of privileged or work-product protected documents, electronically stored information (ESI), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in*

*this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).*

*The parties propose that in the event a disclosing party inadvertently produces privileged materials, it will notify the requesting party of such disclosure as soon as it becomes aware of the production. After the requesting party is so notified, it will return, sequester, or destroy all information and copies and will not disclose or use the information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved. The parties further propose that they will attempt to resolve disputes regarding the assertion of privilege between themselves. If they are unable to do so, the parties will file a motion with the Court for in camera review and a decision on the issue.*

*Nothing in this paragraph relieves the parties of their obligations under Rule 4.4(b) of the Rules of Professional Conduct for New Hampshire.*

## **OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:** *At this time, it is premature to determine whether or not settlement of this case is a possibility, but, as noted below, the parties have mediation scheduled on October 29, 2024, and will update the Court following the mediation.*

**JOINT STATEMENT RE: MEDIATION:** *The parties have scheduled a private mediation for October 29, 2024.*

**TRIAL ESTIMATE:** *5 to 7 days*

**WITNESSES AND EXHIBITS:** *To be set by the court in connection with its scheduling of the final pretrial conference and the clerk's notice of trial assignment.*

**PRELIMINARY PRETRIAL CONFERENCE:** *Counsel for both parties request that the Court waive attendance at the preliminary pretrial conference (scheduled for September 16, 2024), upon approval of this Discovery Plan.*

**OTHER MATTERS:** None at this time.

Respectfully submitted,

TRUSTEES OF DARTMOUTH COLLEGE

By its attorneys,
JACKSON LEWIS P.C.,

Date:   August 30, 2024         /s/ *Kimberly M.R. Sullivan*
K. Joshua Scott, NHBA#17479
Kimberly M. R. Sullivan, NHBA #266861
100 International Drive, Suite 363
Portsmouth, NH 03801

        603.559.2700
Kimberly.sullivan@jacksonlewis.com

Respectfully submitted,

LAURA DI PIAZZA,

By her attorney,


/s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com


<u>Certificate of Service</u>

    I hereby certify that on this date a copy of the foregoing was filed via the Court's ECF filing system and that a copy was served upon all counsel of record via the Court's ECF filing system.

Date:  August 30, 2024        /s/ *Kimberly Sullivan*
                                                    Kimberly M.R. Sullivan


4894-2807-8813, v. 1